**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. CASE NO.: 1:18-cv-23871

ANDRES GOMEZ,
    Plaintiff,
v.

MAJESTIC HOTEL SOUTH BEACH LLC,

    Defendant.
_____/

## CONSENT DECREE

1. This Consent Decree is entered into as of the Effective Date, as defined below in Paragraph 10, by and between the following parties: Plaintiff ANDRES GOMEZ ("Plaintiff"), and Defendant, MAJESTIC HOTEL SOUTH BEACH LLC ("Defendant"). Plaintiff and Defendant shall hereinafter be collectively referred to as, the "Parties" for the purposes and on the terms specified herein.

## RECITALS

2. Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12181-12189 ("ADA") and its implementing regulation, 28 C.F.R. pt. 36, prohibit discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations by any private entity that owns, leases (or leases to), or operates any place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

3. Plaintiff filed this lawsuit in the United States District Court for the Southern District of Florida (the "Action"). Plaintiff alleged that Defendant's website: www.majesticsouthbeach.com (the "Website"), is not fully accessible to individuals with

disabilities, purportedly in violation of Title III of the Americans with Disabilities Act of 1990 ("ADA") and related state laws.

4. Defendant expressly denies that the Website violates any federal, state or local law, including the ADA, and any other wrongdoing or liability whatsoever. By entry into this Consent Decree, Defendant does not admit any wrongdoing.

5. This Consent Decree resolves, settles, and compromises all issues between the Parties in the Action. This Consent Decree is entered into by the Plaintiff, individually.

6. It is the intent of the parties hereto that the provisions of this Consent Decree shall inure to the benefit of, and shall be enforceable by third party beneficiaries hereto, and shall otherwise comply with requirements set forth in *Haynes v. Hooters of Hooters, LLC*, 893 F.3d 781 (11th Cir. 2018) so as to render subsequent lawsuits bringing causes of action substantially the same as those in the above captioned case, moot.

## JURISDICTION

7. Plaintiff alleges that Defendant is a private entity that owns and/or operates the Website which is available through the internet to personal computers, laptops, mobile devices, tablets, and other similar technology. Plaintiff contends that Defendant's Website is a service, privilege, or advantage of the Defendant's physical location, thus rendering it a public accommodation subject to Title III of the ADA. 42 U.S.C. §12181(7); 12182(a). Defendant denies that its Website is a public accommodation or a place of public accommodation or is otherwise subject to Title III of the ADA.

8. This Court has jurisdiction over this action under 28 U.S.C. § 1331, and 42 U.S.C. § 12188. The Parties agree that for purposes of the Action and this Consent Decree venue is appropriate.

## AGREED RESOLUTION

9. Plaintiff and Defendant agree that it is in the Parties' best interest to resolve the Action on mutually agreeable terms without further litigation. Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in Plaintiff's Complaint. In resolution of this action, the Parties hereby AGREE to the following:

## DEFINITIONS

10. Effective Date means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court.

11. Reasonable Efforts means, with respect to a given goal or obligation, the efforts that a reasonable person or entity in Defendant's position would use to achieve that goal or obligation. Any disagreement by the Parties as to whether Defendant has used Reasonable Efforts as provided for under this Consent Decree shall be subject to the dispute resolution procedures set forth in Paragraphs 17 through 23 of this Consent Decree. Reasonable Efforts shall be interpreted so as to not require Defendant to undertake efforts whose cost, difficulty or impact on Defendant's Website could constitute an undue burden, as defined in Title III of the ADA but as applied solely to Defendant's Website - as though Defendant's website-related operations are collectively a standalone business entity, or which could result in a fundamental alteration in the manner in which Defendant operates its Website - or the primary functions related thereto, or which could result in a loss of revenue or traffic on its Website related operations.

12. The term "including" shall mean "including but not limited to."

## TERM

13. The term of this Consent Decree shall commence as of the Effective Date and remain in effect for the earlier of: (a) thirty (30) months from the Effective Date; or (b) the date, if any, that regulations are adopted by the Department of Justice regarding accessibility of websites under Title III of the ADA which regulations or guidance contains different requirements for website accessibility than those imposed under this Consent Decree. However, to the extent an extension of the term of this Consent Decree is required so as to allow enforcement by third party beneficiaries and thus render any legal action asserting substantially similar claims by such third party beneficiaries moot, the term of this Consent Decree shall be deemed so extended, and shall override anything herein to the contrary.

## GENERAL NONDISCRIMINATION REQUIREMENTS

14. Pursuant to the terms of this Consent Decree, Defendant:

   a. shall use Reasonable Efforts to provide persons with a disability (as defined under the ADA), including the Plaintiff, an equal opportunity to participate in or benefit from the goods, services, privileges, advantages, and accommodations provided through the Website as set forth herein; and

   b. shall use Reasonable Efforts to ensure that persons with a disability (as defined under the ADA), including the Plaintiff, are not excluded, denied services, segregated, or otherwise treated differently because of the absence of auxiliary aids and services, through the Website as set forth herein.

## WEBSITE ACCESSIBILITY EFFORTS

15. Web Accessibility Conformance Timeline: Defendant shall ensure full and equal enjoyment of the goods, services, privileges, advantages, and accommodations provided by and through the Website according to the following timeline and requirements,

provided that the following dates will be extended in the instance that the Department of Justice releases regulations for websites under Title III of the ADA while this Consent Decree is in effect and provided such DOJ regulations or guidance contains compliance dates and/or deadlines further in the future than the dates set forth herein:

    a.    Within six (6) months from the Effective Date, Defendant shall include an Accessibility Notice on the Website.

    b.    Within Twenty-Four (24) months of the Effective Date, the Defendant shall use WCAG 2.0 Level AA as a guideline in keeping its website to be accessible to individuals with disabilities to an extent that is commercially reasonable. In the event of disagreement between the Parties regarding what constitutes "commercially reasonable," it is the intent of this Paragraph that at a minimum, the DEFENDANT'S website shall be accessible and usable by the average disabled user who is reasonably proficient with the specific assistive device that they use to access the DEFENDANT'S website to be able to find information about the hotel location, book a reservation, hotel amenities and information about the hotel restaurants. While DEFENDANT maintains its denial of PLAINTIFF'S allegations as stated in the Complaint, DEFENDANT's website accessibility measured stated above is intended to resolve this claim and any other claim relating to the application of Title III of the ADA, or state equivalents to the subject WEBSITE.

    c.    Defendant shall not be responsible for ensuring that third party content or plug-ins that are not owned by Defendant, but are otherwise located on the Website or linked to/from the Website, are accessible or otherwise

substantially conform to WCAG 2.0 AA or any other standard subsequently advanced to W3C Recommendation or established by law or regulation.

d.  Defendant's obligation to ensure that its Website is ADA compliant as set forth above shall be continuing in nature so as to moot any other third party claims, in accordance with the provisions of *Haynes v. Hooters of Hooters, LLC*, 893 F.3d 781 (11th Cir. 2018).

## SPECIFIC RELIEF TO PLAINTIFF

16.  Specific Relief: The Plaintiff and the Defendant have agreed to settle all matters relating to costs, damages, attorneys' fees, experts' fees, other financial matters, relating to any alleged inaccessibility of the Website through a separate agreement (the "Settlement Agreement") which shall not be part of this Consent Decree.

## PROCEDURES IN THE EVENT OF DISPUTES

17.  The procedures set forth in Paragraphs 18 through 21 must be exhausted in the event that (i) Plaintiff alleges that Defendant has failed to meet its obligations pursuant to this Consent Decree or (ii) Defendant alleges that there is a criteria of WCAG 2.0 AA or to any other standard subsequently advanced to W3C Recommendation or established by law or regulation with which it cannot substantially comply as set forth herein. There will be no breach of this Consent Decree by Defendant in connection with such allegations until the following procedures have been exhausted.

18.  If a party believes that the other party hereto has not complied in all material respects with any provision of the Consent Decree, that party shall provide the other party with written notice of non-compliance containing the following information: (i) the specific alleged act of non-compliance; (ii) a reference to the specific provision(s) of the Consent

Decree that is not being complied with in all material respects; (iii) a statement of the specific remedial action sought by the initiating party; and (iv) a reasonably detailed statement of the specific facts, circumstances and legal argument supporting the position of the initiating party. Plaintiff will notify Defendant in writing after the dates for compliance set forth herein if Plaintiff believes that the Website is in any way not compliant with this Consent Decree, and Plaintiff also must provide Defendant with a specific listing of items on the Website (including links, pictures, sub-pages, etc.) which Plaintiff asserts must be corrected or remediated. Defendant will notify Plaintiff in writing if they believe there is a criteria of this Consent Decree with which they cannot substantially comply hereunder. All notifications must include reasonable detail and shall be made in the manner set forth in Paragraph 23.

19.     Within thirty (30) days of either Party receiving notice as described in Paragraph 18, the other Party will respond in writing to the notice. Within fifteen (15) days of receipt of the response, the Parties will meet by telephone, or in person, in an attempt to informally resolve the issue.

20.     If the issue remains unresolved after the meeting referenced in Paragraph 19, the Parties will each have an additional thirty (30) days to select an expert and the two experts will mutually select an independent accessibility consultant with substantial experience in accessible website design who will evaluate the particular item(s) raised based on whether a person, who has a disability and uses screen reader software and has average screen reader competency ("person with a visual impairment who has average screen reader competency"), can adequately utilize the Website.

21. There will be no breach of this Consent Decree unless (a) the independent accessibility consultant determines that a particular item(s) cannot be accomplished by a person with a disability who has average screen reader competency using a prominent commercially available screen reader such as Jaws, Voiceover, or NVDA in combination with one of the following browsers (in versions of which that are currently supported by their publishers): Internet Explorer, Firefox, Safari and Chrome; and (b) Defendant fails to remedy the issue using Reasonable Efforts within a reasonable period of time of not less than sixty (60) days of receiving the accessibility consultant's opinion. If the accessibility consultant believes that a reasonable time using Reasonable Efforts to remedy the items found not to be usable is longer than sixty (60) days, then the Parties may agree on a longer time period without leave of Court so long as the extension is documented in writing and executed by the Parties to this Agreement or their respective counsel. If the accessibility consultant finds that a particular item found not to be usable cannot be remedied using Reasonable Efforts, Defendant shall not be obligated to remedy that item.

22. Any of the time periods set forth in Paragraphs 19 through 21 may be extended by mutual agreement of the Parties.

23. Any notice or communication required or permitted to be given to the Parties hereunder shall be given in writing by e-mail and by overnight express mail or United States first class mail, addressed as follows:

For Plaintiff:   Anthony J. Perez, Esq.
                 GARCIA-MENOCAL & PEREZ, P.L.
                 4937 S.W. 74th Court
                 Miami, FL 33155
                 Telephone: (305) 553-3464
                 Facsimile: (305) 553-3031
                 E-mail: ajperez@lawgmp.com

| | |
|---|---|
| For Defendant: | Brian Scheinblum, Managing Member<br>Majestic Hotel South Beach, LLC<br>660 Ocean Drive<br>Miami Beach, FL 33139<br>Email: brian.scheinblum@gmail.com |
| With a copy to: | Daniel Morman, Esq.<br>5055 Collins Ave., Suite 6L<br>Miami Beach, FL 33140<br>dmorman@bellsouth.net |

## MODIFICATION

24. No modification of this Consent Decree shall be effective unless in writing and signed by authorized representatives of all Parties.

## ENFORCEMENT AND OTHER PROVISIONS

25. The interpretation and enforcement of this Consent Decree shall be governed by the laws of the State of Florida.

26. This Consent Decree contains the entire agreement of the Plaintiff and the Defendant concerning the subject matter described in Paragraph 3, other than the terms of the Settlement Agreement, and no other statement, promise, or agreement, either written or oral, made by any party or agent of any party, that is not contained in this Consent Decree, and concerns the subject matter described in Paragraph 3, shall be enforceable, other than the Settlement Agreement.

27. If any provision of this Consent Decree is determined to be invalid, unenforceable, or otherwise contrary to applicable law, such provision shall be deemed restated to reflect as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not, in any event, affect any other provisions, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

## PERSONS BOUND AND INTENDED THIRD-PARTY BENEFICIARIES

28. The Parties to this Consent Decree expressly intend and agree that this Consent Decree shall inure to the benefit of all persons with a disability as defined by the ADA, indicating those who utilize a screen reader to access the Website, which disabled persons shall constitute third-party beneficiaries to this Consent Decree. Such third-party beneficiaries shall follow the dispute resolution provisions herein should they seek to enforce any provision of this Consent Decree.

29. The signatories represent that they have the authority to bind the respective parties, Plaintiff and Defendant to this Consent Decree.

30. It is the intent of the parties hereto to follow the directives set forth in *Haynes v. Hooters of Hooters, LLC*, 893 F.3d 781 (11th Cir. 2018) so as to render moot, any action brought by a party other than the parties hereto under the subject matter addressed herein. Therefore, to the extent a term to this Consent Decree is reasonably determined to be required herein to as to render such action moot, the parties agree to add such term herein.

## CONSENT DECREE HAS BEEN READ

31. This Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each party executing it. The Parties each had an opportunity to consult with their counsel prior to executing the Consent Decree.

*(Remainder of page intentionally left blank. Signature pages to follow).*

ANDRES GOMEZ

Dated: 3/26/2019          By: *[signature]*
                              Andres Gomez

MAJESTIC HOTEL SOUTH BEACH LLC

Dated: _____   By: _____
                              Brian Scheinblum, Managing Member

APPROVED AS TO FORM AND CONTENT:

Dated: 3/26/2019          By: *[signature]*
                              Anthony J. Perez, Esq
                              37 S.W. 74th Court
                              Miami, FL 33155
                              ajperez@lawgmp.com
                              Attorney for Plaintiff

COURT APPROVAL, ADOPTION, AND ENTRY OF THE CONSENT DECREE

THE COURT, HAVING CONSIDERED the pleadings, law, underlying facts and having reviewed this proposed Consent Decree, finds as follows:

1) This Court has personal jurisdiction over Plaintiff and Defendant for the purposes of this lawsuit and has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331;

2) The provisions of this Consent Decree shall be binding upon the Parties;

3) Entry of this Consent Decree is in the public interest;

ANDRES GOMEZ

Dated: _____  By: _____
 Andres Gomez

MAJESTIC HOTEL SOUTH BEACH LLC

Dated: __3-22-2019__  By: _____
 Brian Scheinblum, Managing Member

APPROVED AS TO FORM AND CONTENT:

Dated: __3/26/2019__  By: _____
 Anthony J. Perez, Esq.
 37 S.W. 74th Court
 Miami, FL 33155
 ajperez@lawgmp.com
 Attorney for Plaintiff

COURT APPROVAL, ADOPTION, AND ENTRY OF THE CONSENT DECREE

THE COURT, HAVING CONSIDERED the pleadings, law, underlying facts and having reviewed this proposed Consent Decree, finds as follows:

1) This Court has personal jurisdiction over Plaintiff and Defendant for the purposes of this lawsuit and has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331;

2) The provisions of this Consent Decree shall be binding upon the Parties;

3) Entry of this Consent Decree is in the public interest;

4) This Consent Decree is for settlement purposes only and does not constitute an admission by Defendant of any of the allegations contained in the Complaint or any other pleading in this lawsuit, nor does it constitute any finding of liability against Defendant; and

5) This Consent Decree shall be deemed as adjudicating, once and for all, the merits of each and every claim, matter, and issue that was alleged, or could have been alleged by Plaintiff based on, or arising out of, or in connection with, the allegations in the Complaint.

NOW THEREFORE, the Court approves the Consent Decree and in doing so specifically adopts it and makes it an Order of the Court.

DONE AND ORDERED in Chambers at Miami this ____ day of _____, 2019.

_____
K. MICHAEL MOORE
UNITED STATES CHIEF DISTRICT JUDGE

Cc: Counsel of record via CM/ECF
Brian Scheinblum, Managing Member of Defendant