UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:18-cv-23871-KMM

ANDRES GOMEZ,

    Plaintiff,

v.

MAJESTIC HOTEL SOUTH BEACH LLC
*d/b/a* Majestic Hotel,

    Defendant.
_____/

**ORDER DENYING MOTION FOR APPROVAL,
ADOPTION, AND ENTRY OF CONSENT DECREE**

THIS CAUSE came before the Court upon Plaintiff Andres Gomez's ("Plaintiff") and Defendant Majestic Hotel South Beach LLC's ("Defendant") filing of a Consent Decree. ("Consent Decree") (ECF No. 15).

A brief procedural history is warranted. On September 20, 2018, Plaintiff filed a Complaint, alleging that Defendant discriminated against him in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq.* Compl. (ECF No. 1). On November 30, 2018, the Clerk of Court entered default against Defendant. *See* Entry of Default (ECF No. 10). On December 30, 2018, pursuant to Federal Rule of Civil Procedure 55(b), the Court entered a final default judgment in favor of Plaintiff and against Defendant and closed the case. *See* Final Default Judgment Order (ECF No. 14). On March 26, 2019, the Parties filed the instant Consent Decree on the docket. (ECF No. 15).

To date, Defendant has not responded to the Complaint, appeared in the action, or otherwise defended the suit. Moreover, there is no pending motion to vacate this Court's Final Default Judgment Order against Defendant, and the Consent Decree makes no mention of this

Court's Final Default Judgment Order. Instead, the Consent Decree states that "Defendant expressly denies that the Website violates any federal, state or local law, including the ADA, and any other wrongdoing or liability whatsoever." Consent Decree at 2. The Consent Decree also sets forth "compliance dates and/or deadlines" without any reference to the Court's requirement in its Final Default Judgment Order that Defendant "shall have 180 days to alter its website to make it readily accessible to and usable by individuals with disabilities, particularly blind individuals, to the extent required by the ADA." Final Default Judgment Order at 4.[1]

Finally, no counsel has appeared on behalf of Defendant, and a corporation must be represented by counsel. *See Rowland v. California Men's Colony*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385–86 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel."). Because Defendant has not yet validly appeared in the lawsuit through counsel, it cannot consent to the judgment. *See, e.g.*, *Glock, Inc. v. Maxsell Corp.*, No. 4:12-CV-0113-HLM, 2013 WL 12107794, at *6 (N.D. Ga. Apr. 18, 2013) (finding that "the strong language in *Palazzo*" suggests that the Eleventh Circuit would not permit a corporation to validly enter into a consent judgment "in a pro se capacity" and that the corporate defendant therefore was "required to have an attorney sign the Consent Judgment on its behalf"); *Trustees of Plumbers & Gasfitters Local 5 Ret. Sav. Fund v. Conditioned Air Sys., Inc.*, No. DKC 10–2356, 2011 WL 221776, at *1 (D.

---

[1] The Court found that by defaulting, Defendant was deemed to have admitted Plaintiff's well-pled allegations of fact in the Complaint. Final Default Judgment Order at 2; *see also Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1277–78 (11th Cir. 2005) (citations omitted); *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987). Additionally, the Final Default Judgment Order stated that the "well-pled factual allegations in the Complaint satisfy the elements of a claim under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(ii–iii) and conclusively establish Defendant's liability as to that claim with respect to the violation alleged." *Id.* at 2.

Md. Jan. 21, 2011) ("Because Conditioned Air has not entered a valid appearance, it follows that it cannot yet offer its consent to the motion for judgment filed by Plaintiffs. And, of course, a court may not enter a consent judgment against a party that has not agreed."). Absent proper "consent," the court cannot approve and enter a "consent" decree. *See Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 529 (1986) ("And, of course, a court may not enter a consent decree that imposes obligations on a party that did not consent to the decree."); *Trustees of Plumbers*, 2011 WL 221776, at *1.

Accordingly, UPON CONSIDERATION of the Consent Decree (ECF. No. 15),[2] the Final Default Judgment Order, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED and ADJUDGED that the Motion for Approval, Adoption, and Entry of the Consent Decree is DENIED WITHOUT PREJUDICE.

DONE AND ORDERED in Chambers at Miami, Florida this  1st  day of April, 2019.

K. MICHAEL MOORE
UNITED STATES CHIEF DISTRICT JUDGE

c:	All counsel of record

---

[2] The Court notes that the Consent Decree attaches a proposed order for approval, adoption, and entry of the consent decree, but that the Consent Decree was not accompanied by a Motion for approval. Nonetheless, this Court construes the filing of the Consent Decree and proposed order as a Motion for Approval, Adoption, and Entry of the Consent Decree. If the Parties file a renewed motion, it should comply with the Southern District of Florida Local Rules and be properly filed as a motion in compliance with the Local Rules.